**IT IS ORDERED as set forth below:**



**Date: September 22, 2017**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NAKIA OMYRA QUINONES, | ) | CASE NO. 16-56100 - LRC |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAMARA MILES OGIER, | ) | ADVERSARY PROCEEDING |
| as Chapter 7 Trustee | ) | NO. 16-05273 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ANTHONY ATWATER, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This adversary proceeding arises out of the Chapter 7 Bankruptcy Case of Nakia Omyra Quinones, Case No. 16-56100-lrc (the "Bankruptcy Case"). Plaintiff Tamara Ogier, in her capacity as Chapter 7 Trustee ("Plaintiff"), seeks summary judgment

1

declaring that she may market and sell real property commonly known as 3836 Riverview Bend, Ellenwood, Georgia (the "Property") owned jointly by the bankruptcy estate and a co-owner, Anthony Atwater's ("Defendant")[1] pursuant to 11 U.S.C. § 363(h).  Defendant opposes the motion for summary judgment.[2]  This is a core bankruptcy matter, over which this Court has subject matter jurisdiction.  *See* 28 U.S.C. §§ 157(b)(2)(A), (N), & (O); 28 U.S.C. § 1334.  For the following reasons Plaintiff's summary judgment motion will be granted.

## I.  Summary Judgment Standard

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure (the "Federal Rule") 56 applicable in adversary proceedings.  Fed. R. Bankr. P. 7056.  Summary judgment is only proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993).

A fact is material if it might affect the outcome of a proceeding under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (U.S. 1986).  A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

---

[1] Defendant is subject to the jurisdiction and venue of this Court and has not raised personal jurisdiction as an affirmative defense.  Defendant is also *pro se*.

[2] Defendant filed his response to the Motion (Doc. 16) (the "Response") after the 21-day response period prescribed by Bankruptcy Local Rule 7007-1(c).  Plaintiff has not objected to the Response, and the Court will therefore consider the Response.

2

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id.* When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

The moving party bears the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(e).

Once the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact that precludes summary judgment. *Celotex*, 477 U.S. at 324; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir. 1991). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citations omitted).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this does not mean that a *pro se* litigant can "escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Coleman v. Smith*, 828 F.2d 714, 717 (11th Cir. 1987); *RES-GA Bay St. Louis, LLC v. Brooks (In re Brooks)*, 548 B.R. 585, 591 (Bankr. S.D. Ga. 2016). "'The nonmoving party, even if a pro se [defendant], cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial.'" *In re Brooks*, 548 B.R. at 591 (quoting *Munera v. Metro W. Detention Ctr.*, 351 F. Supp. 2d 1353, 1357 (S.D. Fla. 2004)).

Pursuant to BLR 7056-1(a)(1), "[t]he movant for summary judgment shall attach to the motion a separate and concise statement of the material facts, numbered separately, as to which the movant contends no genuine issue exists to be tried. Statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Bankruptcy Court." BLR 7056-1(a)(1). "The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, as to which the respondent contends a genuine issue exists to be tried. Response should be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement that are not specifically

4

controverted in respondent's statement shall be deemed admitted." BLR 7056-1(a)(2). Plaintiff attached a Statement of Material Facts Not in Dispute (Doc. 15) ("Plaintiff's SMF") to the Motion, but Defendant did not respond to Plaintiff's SMF. Additionally, Defendant has explicitly admitted many of these facts in Defendant's Answer to the Complaint (the "Answer") or the Response. Therefore, the Court deems the material facts provided by Plaintiff admitted.

## II.  Findings of Fact

The Property consists of a single-family home on approximately 0.38 acres of land.[3] On or about March 14, 2011, Defendant acquired the Property for $36,500 by Special Limited Warranty Deed, which was filed and recorded in DeKalb County.[4]

Defendant did not move into the Property upon acquiring it.[5] Instead, Defendant began serving a 72-month prison sentence for his conviction for extortion under color of official right, interference with interstate commerce, and attempting to aid and abet a drug trafficking crime.[6]

In August 2011, with the assistance of counsel at the prison camp, Defendant voluntarily transferred by Warranty Deed the Property to Debtor and Defendant as joint

---

[3] Plaintiff's SMF, ¶¶ 5, 15.

[4] Plaintiff's SMF, ¶¶ 4, 5; Answer, ¶ 3; Response ¶ 5.

[5] Plaintiff's SMF, ¶ 18; Answer, ¶ 3.

[6] Plaintiff's SMF, ¶ 19; Answer, ¶ 3.

5

tenants with rights of survivorship (the "Property Transfer").[7] The Warranty Deed was filed and recorded in DeKalb County.[8]

At the time of the Property Transfer, Debtor and Defendant were engaged, but this relationship ceased at some point after the Property Transfer.[9] Neither Debtor nor Defendant currently resides at the Property.[10] The current value of the Property is not less than $80,000.[11] There are no liens on the Property.[12] There is little to no marketability for the sale of a half interest in a single family residential home on a small piece of land.[13] The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.[14] Debtor initiated the Bankruptcy Case by filing her voluntary petition under Chapter 7 of the Bankruptcy Code on April 5, 2016 (the "Petition Date").[15]

---

[7] Plaintiff's SMF, ¶¶ 7, 20; Answer, ¶ 5.

[8] Plaintiff's SMF, ¶ 7.

[9] Plaintiff's SMF, ¶¶ 8, 9; Answer, ¶¶ 2, 4, 6.

[10] Plaintiff's SMF, ¶¶ 10, 1; Answer, ¶ 9. Defendant does state in the Answer, that he planned to return to the Property upon his release from prison. Answer, ¶ 4.

[11] Plaintiff's SMF, ¶ 18. Plaintiff filed an *Interim Report for the Period Ending June 30, 2017* (Bankr. Doc. 41) and listed the value of the Property as $140,000, which is also consistent with Debtor's valuation contained in Schedule A filed in the Bankruptcy Case.

[12] Plaintiff's SMF, ¶ 16; Answer, ¶ 3.

[13] Plaintiff's SMF, ¶ 16.

[14] Plaintiff's SMF, ¶ 17.

[15] Bankr. Doc. 1.

### III. Conclusions of Law

### A. Standard for Selling Property Free and Clear of Co-Owner's interest under 11 U.S.C. § 363(h)

The Bankruptcy Code provides for a trustee to "sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety" only if four conditions are all met. 11 U.S.C. § 363(h). The four conditions are:

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Plaintiff bears the burden of proof and must establish that each element of 363(h) is satisfied. *Pullen v. Love (In re Pullen)*, 2013 Bankr. LEXIS 4302, *28 (Bankr. N.D. Ga. 2013) (J. Diehl). As a threshold matter, the Court must first determine whether Debtor held an undivided interest as a tenant in common, joint tenant, or tenant by the entirety in the Property on the filing date such that that interest became property of the estate pursuant to § 541 of the Bankruptcy Code. *Id.* at *29; *Stewart v. Shubert (In re Stewart)*, 368 B.R. 445, 449 (Bankr. E.D. Pa. 2007); *Yoppolo v. Missler (In re Missler)*,

7

418 B.R. 259, 262 (Bankr. N.D. Ohio 2009). Under § 541, property of the estate includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

### B. <u>Application of Law to Facts</u>

As to the threshold question, Plaintiff has shown that she is entitled to summary judgment. It is undisputed that Defendant executed the Warranty Deed transferring the Property to himself and Debtor as joint tenants with rights of survivorship prior to the Petition Date. Therefore, Debtor owned an undivided interest as joint tenant in the Property on the Petition Date, and pursuant to § 541(a)(1), this interest became property of Debtor's bankruptcy estate.

Defendant has not put forth any evidence showing that Debtor did not have an interest in the Property on the Petition Date such that it became property of the estate, and "cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material." *In re Brooks*, 548 B.R. at 591 (citations omitted). Defendant failed to "respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial." *Id.* Plaintiff is therefore entitled to summary judgment that Debtor owned an undivided interest as joint tenant in the Property on the Petition Date, and this interest became property of the estate.[16]

---

[16] In his Answer, Defendant appears to raise four arguments as to why the Property is not property of the estate. Defendant did not renew these arguments in the Response. Even if he had, Plaintiff would still be entitled to summary judgment because Defendant "simply has not presented any evidence to rebut" the fact that he transferred an interest in the Property to Debtor "in order to create a genuine issue of material fact warranting trial." *Brown v,*

8

Since Debtor's bankruptcy estate and Defendant are co-owners of the Property as joint tenants with rights of survivorship, if Plaintiff satisfies the four elements set forth in subsections (1) – (4) of § 363(h), Plaintiff may sell the Property.  The undisputed facts show that elements (1), (2), and (4) are easily satisfied.  Whether Plaintiff has satisfied element (3) is a close question, but ultimately, Plaintiff prevails on this as well.

The Property is single-family residential property consisting of a house on approximately 0.38 acres of land.  There is no practicable way for the Property to be partitioned other than by sale of the Property and a division of the proceeds. *In re Pullen*, 2013 Bankr. LEXIS 4302, *31 ("Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds.") (citations omitted); *In re Ivey*, 10 B.R. 230, 232 (Bankr. N.D. Ga. 1981) (J. Drake).  "It is [also] widely accepted that a sale of a single family residence subject to a co-owners one-half interest in such property chills any prospective purchase of the estate's one-half interest, and the estate would realize more value from the sale of the co-owner's interest along with that of the estate."  *In re Pullen*, 2013 Bankr. LEXIS 4302 at *32 (citations omitted). Therefore, elements (1) and (2) are satisfied.  There is no dispute that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power, and therefore element (4) is satisfied.

For Plaintiff to satisfy element (3), she must show that the benefit to the estate outweighs the detriment to Defendant.  The benefit does not have to significantly exceed

---

*Crawford*, 906 F.2d 667 (11th Cir. 1990).  Defendant "cannot rely solely on his [Answer] and other initial pleadings to contest a motion for summary judgment supported by evidentiary material."  *In re Brooks*, 548 B.R. at 591 (citations omitted).

9

the detriment. *Id.* at *33 (citations omitted). Although "the trustee bears the burden of proof," her "initial burden . . . is simply to show that a sale free of the interests of the debtor's co-owners will produce a benefit to the estate" and, "[o]nce that burden is met, the defendants must come forward with evidence of detriment." *In re Jenkins*, 347 B.R. 77, 86 (Bankr. N.D. Ill. 2006). "The trustee often satisfies this burden through stipulations as to the value of the property and the amount of existing liens, or through the testimony of appraisers or the parties themselves." *Id.* That being said, the Court must "weigh the benefit to the estate against the prejudice to Defendant in accordance with the summary judgment standard." *In re Pullen*, 2013 Bankr. LEXIS 4302 at *32

Defendant does not dispute that a sale of the Property would benefit the estate. The undisputed facts show that the Property is worth $80,000 and subject to no liens. Even considering the necessary costs of sale, if Plaintiff sells the Property for $80,000, Debtor's bankruptcy estate should receive at least $35,000 in net proceeds. As no secured or priority claims have been filed in the Bankruptcy Case thus far, and $58,227.63 in unsecured claims have been filed, the proceeds the estate will receive will return a sizeable dividend to Debtor's unsecured creditors.

When analyzing the potential detriment to a co-owner caused by the sale of property, courts must consider "not only economic hardship, but also any loss, harm, injury, or prejudice proximately following from an involuntary displacement." *Id.* at *33-34 (citations omitted). In certain circumstances, the Court should consider the emotional impact on a defendant as well. *See In re Griffin*, 123 B.R. 933, 936-37 (Bankr. S.D. Fla. 1991) (holding that the benefit to the estate of a sale of property did not exceed

the detriment to a co-owner in part because "the economic and emotional impact resulting from the co-owner's involuntary displacement from her residence of almost fourteen years would be severe"); *cf. In re Pullen*, 2013 Bankr. LEXIS 4302 at *34-35 (finding that "pure economic considerations are more influential" when the property in question is not a defendant's home).

Even though the Property is not income generating or necessary to Defendant's profession or job, there will be some economic detriment to Defendant if Plaintiff sells the Property for $80,000. There is evidence that Defendant purchased the Property for $36,500. Accordingly, he would likely receive only the amount he originally invested, rather than any gain on his investment or any compensation for amounts spent improving or maintaining the Property.

As to emotional detriment, the undisputed facts show that Defendant does not and has never resided in the Property and, therefore, would not be forced to move out of his home. Although the Court recognizes that a sale of the Property could have a negative emotional impact on Defendant, despite his never having resided at the Property, Defendant has failed to come forward with evidence to support any such emotional detriment, and the Court cannot speculate as to its existence.

In any event, § 363(i) mitigates any potential economic or emotional detriment because it provides Defendant a right of first refusal before Plaintiff can consummate a sale of the Property under § 363(h). 11 U.S.C. § 363(i) ("Before the consummation of a sale of property to which subsection (g) or (h) of [§ 363] applies, . . . the . . . co-owner of such property . . . may purchase such property at the price at which such sale is to be

11

consummated."). Like the subject property in *In re Ivey*, there is significant equity in the Property such that, if Defendant wishes to purchase the Property, financing should be available. 10 B.R. at 233.

After considering the benefit to the estate and the detriment, both economic and non-economic, to Defendant of a sale of the Property, the Court finds that the benefit to the estate is significant and outweighs the detriment to Defendant. Further, any potential detriment to Defendant is mitigated by the protections afforded to Defendant as a co-owner under the Bankruptcy Code.

## IV.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's summary judgment motion is **GRANTED**, Plaintiff may market and sell the Property free of Defendant's one-half interest in the Property, subject to the Court's approval of the final proposed contract for sale.

A separate judgment in favor of Plaintiff will be entered contemporaneously with this Order.

END OF DOCUMENT

## **Distribution List**

Tamara Miles Ogier
Ogier, Rothschild & Rosenfeld, P. C.
P. O. Box 1547
Decatur, GA 30031

Allen P. Rosenfeld
Ogier Rothschild & Rosenfeld, PC
P. O. Box 1547
Decatur, GA 30031

Anthony Atwater
607 Mentor Avenue
Capitol Heights, MD 20743